Clara Wilson v. Commissioner. The Estate of John E. Wilson, Deceased, A. C. Jones, Executor v. Commissioner.
Wilson v. Commissioner
Docket Nos. 176, 177.
United States Tax Court
1943 Tax Ct. Memo LEXIS 75; 2 T.C.M. (CCH) 946; T.C.M. (RIA) 43462; October 20, 1943
*75 Wesley E. Seale, Esq., Nixon Bldg., Corpus Christi, Tex., for the petitioners Frank B. Appleman, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, J.: Respondent has determined deficiences of $225.39 in income tax for the calendar year 1939 and $1,045.26 for the calendar year 1940 against the petitioner, Clara Wilson. He determined deficiencies of $116.09 for the calendar year 1939 and $5,238.91 for the calendar year 1940 against the petitioner, The Estate of John E. Wilson, deceased. The proceedings were consolidated. Findings of Fact John E. Wilson, a resident of Beeville, Bee County, Texas, died testate on March 6, 1939. His widow, the petitioner, Clara Wilson, is the sole devisee and legatee under his will. During both of the years here involved the estate of this decedent was in process of administration. In each of those two years distributions of income of the estate were made to the petitioner, Clara Wilson, by the executor. The amount of these distributions is not in dispute nor is the amount of the net income received by the executor in each year. All of such income was from community property. In making their returns for the tax years, *76 to the collector for the first district of Texas, the executor of the estate and petitioner, Clara Wilson, each returned as income one-half of the net income received by the estate in each year. Subsequently, upon the question being raised by the collector, that the entire net income of the estate should be reported by the executor, amended returns were filed under which the executor, as such, reported one-half of the net income from the estate and, as trustee for Clara Wilson, reported in a separate return the remaining one-half of the net income in each year less the amount distributed in such year to Clara Wilson. In her amended return petitioner, Clara Wilson, reported for each year the amount of income actually distributed to her. In determining the deficiencies respondent has, in each year, taxed to the executor the entire net income of the decedent's assets less the sum in each year distributed to Clara Wilson and has also taxed to the latter one-half of the net income of the estate. Opinion The parties are in full agreement as to the facts and no item of income of the estate is in dispute. There is presented merely the question of law as to who is taxable, and in what proportion, *77 with respect to the income received by the executor from this community porperty during each of the years involved. The primary contention of respondent is that the petitioner, Clara Wilson, is taxable only upon the income actually distributed to her in each of the taxable years and this same contention is urged primarily by the petitioner. It would thus appear that the only question for decision is whether the balance of the income received in each year over the amounts distributed by the executor is to be reported by, and taxable to, him as executor of the estate or whether one-half of such income is taxable to him, as executor, and the other half as trustee for the widow. The petitioners rely upon our decision in , holding that only one-half of the income from the community estate is taxable to the executor. We applied this rule in the case of Jennie Hobbs Barbour, decided by Memorandum Opinion of March 30, 1936, Docket No. 76536, in which we cited and followed On appeal our decision in the Barbour case was reversed by the , *78 the court holding that the income received by the executor from the community estate in Texas during the period of administration is taxable in its entirety to the estate. Following this decision we adopted the rule as laid down by the Circuit Court in the Barbour case in , holding that income from community assets received by the executor of the estate, in such capacity, during the period of administration was taxable to the estate, citing Barbour v. Commissioner, supra, as authority. It would appear that the decision in the Barbour case, which has been accepted and thereafter followed by us, concludes the petitioners here. This rule seems to be fully sustained by the decisions of the Texas courts with respect to community assets in that jurisdiction. These decisions clearly hold that during administration of the estate the entire community is under the control of the administrator and subject to funeral expenses and other debts of the estate and costs of administration. ; ; *79 ; . We hold that the petitioner, The Estate of John E. Wilson, deceased, is taxable upon the net income of the community estate in each of the years here involved, less the amount distributed in each year to the petitioner, Clara Wilson, and that the petitioner, Clara Wilson, is taxable in each year only upon the amounts actually distributed to her in those years. Decisions will be entered under Rule 50.